injuries inflicted by McCullough would have ultimately caused Lambert to die, but the jury found from the evidence beyond a reasonable doubt that Black inflicted injuries on Lambert which hastened his death, or materially contributed to cause his death, then Black would be guilty of whatever offense the facts sustained. The views thus expressed are supported by the text in 22 Tex.Jur., Sec. 10, pages 39 and 392, and the authorities there collated. We do not discuss Black's intent as affecting the degree of his culpability for the trial court appears to have properly protected his legal rights in that regard. However, the case is so close upon the, facts that the charge discussed in our original opinion may have confused the jury. We have been unable to satisfy our minds that it may not have done so, and hence we conclude that the State's motion for rehearing should be overruled, and it is so ordered.

ford, Jones County, Texas, while the driver was intoxicated. Punishment assessed was a fine of $50 and five days in jail.

The indictment is sufficient to charge the offense, and the record before this court is without statement of facts or bills of exception, in which condition nothing is presented for review.

The judgment is affirmed.

## GILBERT v. STATE.

### No. 20480.

Court of Criminal Appeals of Texas.

Oct. 18, 1939.

J. A. Rhodes, of Brenham, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The offense is burglary. The punishment assessed is confinement in the state penitentiary for a term of five years.

The record is before us without a statement of facts or bills of exceptions. The indictment is sufficient to charge the offense and procedural matters appear to be in due order.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## WALTON v. STATE.

### No. 20654.

Court of Criminal Appeals of Texas.

Oct. 18, 1939.

Ratliff & Ratliff, of Haskell, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for driving an automobile upon the public streets in the City of Stam-